# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:04CV180-1-MU

| | |
|---|---|
| ALEX DAVE ALEXANDER,<br><br>                Plaintiff,<br>    Vs.<br><br>SERGEANT GRICE, et al.,<br><br>                Defendants. | **ORDER** |

**THIS MATTER** comes before the Court upon Plaintiff's Motions to Reconsider, filed May 2, 2005,[1] and May 5, 2005.

On September 1, 2004, Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 against Defendants Grice, Andre, Campbell, and Duncan. On October 15, 2004, the Court ordered the Clerk to issue summons and deliver it to the U.S. Marshal for service of process without additional cost. When only one Defendant filed an Answer, the Court reviewed the record and discovered that none of the Defendants had been effectively served[2] because a copy of Plaintiff's Summons and Complaint were delivered via certified mail to their place of employment and signed for by Brenda Vaughn, who is not an agent authorized to receive service of process. Because such service does not comply with Rule

---

[1] Although Petitioner labeled his May 2, 2005, filing a Notice of Appeal, it does not meet the requirements for such a document as set forth in the Federal Rules of Appellate Procedure. In addition, Plaintiff cited to Rule 59(e) in the body of his filing. Consequently, the Court construed it as a motion to reconsider.

[2] Although Defendant Andre answered the Complaint, he raised, among other things, the defense of ineffective service of process.

4(e) of the Federal Rules of Civil Procedure this Court issued an Order directing the Clerk to reissue summons and deliver it forthwith to the U.S. Marshal who would make service of process without additional cost on all Defendants in compliance with the mandates of Rule 4(e) of the Federal Rules of Civil Procedure.

Plaintiff has now filed motions asking the Court to reconsider its Order. Plaintiff appears to argue that service was proper. In support of his assertion, Plaintiff argues that service was proper because a summons and complaint may be served by leaving copies at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein. He states that based upon this rule the Defendants were properly served when Brenda Vaughn signed for the copies. Plaintiff is mistaken. The rule he cites is for service upon an individual at his or her home. Defendants were served at their place of employment. In order for this case to proceed, Defendants must be properly served.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motions to Reconsider are **DENIED**.

**Signed: May 9, 2005**

Graham C. Mullen
Chief United States District Judge