IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:04CV180-01-MU

ALEX DAVE ALEXANDER,              )
                                  )
        Plaintiff,                )
                                  )
        v.                        )
                                  )       **O R D E R**
SGT. TERENA RICE, et al.,         )
                                  )
        Defendants.               )
_____ )

**THIS MATTER** comes before the Court on Defendants' Motion for Summary Judgment, filed May 5, 2006.

For the reasons provided herein, Defendants' Motion for Summary Judgment is GRANTED and Plaintiff's Complaint is DISMISSED.

## FACTUAL BACKGROUND

In his Complaint Plaintiff alleges that on April 15, 2004, Defendant Rice, a correctional officer, sprayed him with a fire hose "causing [him] to fall to the floor and injure [his] back and destroying [his] personal property." (Compl.). In his deposition Plaintiff clarified that the water did not actually knock him down but that as he was backing up from the slot in the door he slipped and fell on his back. (Ex. E. p. 49)[1]. Plaintiff further alleges that Defendant Rice refused to get him medical help. (Compl.).

---

[1] Unless otherwise noted, all references to exhibits refer to the exhibits attached to Defendants' Memorandum in Support of Defendants' Motion for Summary Judgment.

In addition, Plaintiff alleges that approximately one hour after this incident Defendants Duncan and Huskins, correctional officers, came to his cell, handcuffed him and removed him from his cell. (Compl.). Plaintiff states that Defendant Huskins also refused his requests for medical help. (Compl.). Plaintiff alleges that Defendant Huskins verbally threatened him; rested a piece of steel on top of his head; and then returned him to his cell. (Compl.). At the shift change Plaintiff contends that he asked Defendant Campbell,[2] a correctional officer, to get him medical help for his back but was told he had to wait until he returned to Central Prison. (Compl.). Plaintiff states that he did not receive medical attention until April 19, 2004, when he returned to Central Prison. (Compl.).

Defendants deny any such incident even occurred. Defendants assert that on March 24, 2004, Plaintiff was transferred from Central Prison to McDowell County Jail on a writ of habeas corpus to attend his first court appearance related to a January 2004 assault charge.[3] (Ex. B. Huskins Aff. ¶ 4). He was booked into the jail and a Screen Form was filled out which indicated that Plaintiff had recent head, neck, and shoulder injuries and took migraine headache medication.[4] (Id. at ¶ 4). Following a short stay, Plaintiff returned to Central Prison. Plaintiff

---

[2] The Court notes that Defendants informed this Court that no one named Campbell worked at the jail. When the identity of this individual could not be determined, this Court dismissed Defendant Campbell from the case. The Court notes that even if the individual had been identified he would be dismissed from this case because Plaintiff fails to state a claim against him.

[3] In January 24, 2004, while confined at Marion Correctional Facility, Plaintiff was involved in an altercation with a Department of Correction guard which resulted in criminal charges being filed against Plaintiff for Assault with a Deadly Weapon on a Government Official and Prisoner Misconduct.

[4] Plaintiff's medical records indicated that he had been complaining of neck and shoulder pain as a result of the incident with the DOC guard in January 2004. (Ex. C., sick call requests).

2

did not file any complaints or grievances during his confinement at McDowell County Jail. (Id. at ¶ 10).

On April 14, 2004, Plaintiff was again transferred to McDowell County Jail to attend court in McDowell County. While he was being booked into the jail Plaintiff informed Sergeant Robinson that he took Excedrin and mazide, had high blood pressure, and that he had recent shoulder and neck injuries. (Id. at ¶ 5). Further, Plaintiff's medical records indicate that just prior to his transfer, he had been seen by a doctor at Central Prison concerning neck and shoulder pain. (Ex. D).

Defendants allege that the "fire hose" incident and threats in question simply never happened. Defendants assert that the jail does not even possess fire hoses in the cell blocks. (Ex. F, ¶ 5). Plaintiff made no complaints nor filed any grievances while at McDowell or when he returned to Central Prison. (Ex. B. ¶ 10). Moreover, in June 2004, less than two months after the alleged incident, when Plaintiff was again transferred to McDowell County Jail to attend court proceedings he signed a Screen Form indicating that he did not have any recent injuries. (Id. at ¶ 7).

## LEGAL ANALYSIS

Although Defendants argue that the incident in question never even occurred, for summary judgment purposes this Court will assume that the incident described by Plaintiff occurred.

The Court notes that the force of which Plaintiff complains – being sprayed with water from a hose – does not constitute excessive force under the circumstances set forth by Plaintiff himself. That is Plaintiff admits in his deposition that the force of the water did not even knock

him over. (Ex. E. at p. 49). Nor did the spray from this hose even knock down Defendant Rice when she was sprayed at close range with it. (Id. at pp. 47-48). Consequently, this Court holds that Plaintiff's allegations do not rise to the level of a constitutional violation.

Moreover, in order to state an excessive force claim under the Eighth Amendment,[5] a plaintiff must establish that he received more than a *de minimus* injury. Riley v. Dorton, 115 F.3d 1159 (4th Cir. 1997)(en banc)(relying upon Bell v. Wolfish, 441 U.S. 520, 99 S. Ct. 1861 (1979)); Taylor v. McDuffie, 155 F.3d 479, 483 (4th Cir. 1998)(en banc). The *de minimus* requirement reflects the reality of the custodial setting which indicates that "[t]he Eighth and Fourteenth Amendments . . . establish only qualified standards of protection for prisoners and pretrial detainees against 'cruel and unusual punishment' and against 'excessive force that amounts to punishment." Riley, 115 F.3d at 1167. For this same reason, the Fourth Circuit has noted that "inherent in the Eighth and Fourteenth Amendments is the principle that not every malevolent touch by a prison guard gives to rise to a federal cause of action. Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoners constitutional rights." Riley, 115 F.3d at 1167.

Based upon the objective, undisputed evidence before this Court, even taking Plaintiff's version of the events as true, he simply cannot establish that he suffered anything more than a de minimus injury. In making this determination the Court relies on Plaintiff's prison medical records. See Stanley v. Hejirika, 134 F.3d 629, 637-38 (4th Cir. 1998)(relying on plaintiff's medical records for analysis of type and extent of plaintiff's injuries); see also Norman v.

---

[5] Given the fact that the Plaintiff was a convicted felon at the time of the alleged incident, his excessive force claim is governed by the Eighth Amendment.

Taylor, 25 F.3d at 1263-64 (relying on plaintiff's medical records and affidavit of prison official to refute plaintiff's claims of injury and their severity).

A review of Plaintiff's medical records do not support his assertion that Defendant suffered anything more than a de minimus injury. Plaintiff's medical records reveal that he was examined by medical personnel on April 28, 2004. (Ex. D). At that time, the doctor noted that Plaintiff was complaining of back pain. The doctor noted no objective findings of back problems and specifically noted that there was no obvious spasms etc. The next time Plaintiff was examined by the doctor on May 5, 2004, it appears that he generally complained about lower back pain but that the vast majority of the examination centered on his other ailments. (Ex. D). On May 15, 2004, Plaintiff filled out another Sick Call request form requesting a better mattress to help with his back and neck pain. A nurse examined him on May 17, 2004, and noted that he had no trouble getting on and off the examining table; his gait was normal; and that he had no swelling or redness, or bruising . (Ex. C). On July 7, 2004, Plaintiff did not even complain of back pain when he was examined by medical personnel. (Ex. D). On December 22, 2004, Plaintiff was again examined and his range of motion with regard to his back was noted to be normal and he was diagnosed with a back strain. (Ex. D).

While Plaintiff does make repeated generalized complaints of lower back pain, there is simply no objective medical evidence to support his complaints. Indeed, one of the doctors who examined him concluded that he was malingering due to the lack of objective medical evidence. (Ex. D, Sept. 21, 2005 and Oct. 14, 2005 medical notes).

Further supporting the conclusion that his injury is de minimus is the fact that when Plaintiff, who clearly has no difficulty informing others as to his numerous ailments, was

transferred back to McDowell Correctional Institution in June 2004, he stated that he had no recent injuries. (Ex. B).

Thus, given the lack of evidence to support a finding that Plaintiff's injuries were anything more than de minimus, Plaintiff's claim fails as a matter of law. See Riley, 115 F.3d at 167-68 (plaintiff's claim failed as a matter of law despite allegations that he suffered pain from cuffs, pain and welt from slap, fear for life and safety as well as nightmares and depression where despite a large volume of complaints there was no mention of injury related to incident); Taylor, 155 F.3d at 483-86 (plaintiff's claim failed as a matter of law despite allegations that police hit him in the back, punched his ribs, placed knee in lower part of his back, while grabbing his head and pulling it backward until his back popped and shoved a wooden object into his nose with such force that his nose hemorrhaged where his medical records showed Plaintiff was only treated for abrasions on his wrists and ankles, slight swelling in jaw area, tenderness in some ribs and some excoriation of mouth and therefore did not substantiate plaintiff's claims of injury); Norman v. Taylor, 25 F.3d 1259, 1264-65 (4th Cir. 1994)(en banc)(plaintiff's claim failed as a matter of law where medical records did not support plaintiff's claim of injury or psychological harm), cert. denied, 513 U.S. 1114 (1995); Gray v. Jones, 129 F.3d 116 (4th Cir. 1997)(same); Williams v. Dehay, 81 F.3d 153 (4th Cir. 1996)(same).

Furthermore, this Court does not find that the actions allegedly taken by the Defendants constituted force that was "diabolic," "inhumane," or repugnant to the conscience of mankind. Nor did the alleged pain itself constitute more than a de minimus injury. Plaintiff thus fails to allege extraordinary circumstances sufficient to sustain his claim after a finding of de minimus injury.
6

**Defendants Huskins and Duncan**

Plaintiff also alleges that Defendants Huskins and Duncan violated his constitutional rights when Defendant Huskins verbally threatened him[6] and rested a piece of steel on his head. Plaintiff alleges that Defendant Duncan brought the piece of metal to Defendant Huskins. Plaintiff acknowledged in his deposition that he was not injured as a result of either of these Defendants' actions. (Ex. E, p. 71).

Plaintiff's allegations against these two defendants fails to state a claim. Verbal abuse alone does not rise to the level of a constitutional violation. See Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997)(verbal abuse by a prison guard does not give rise to a cause of action under § 1983); Morrison v. Martin, 755 F. Supp. 683,687 (E.D.N.C.), aff'd 917 F.2d 1302 (4th Cir. 1990)(subjection of a prisoner to verbal abuse or profanity does not rise to the level of a constitutional violation). Likewise, merely resting a piece of metal on Plaintiff's head is insufficient to state a constitutional claim.

**Deliberate Indifference to a Serious Medical Need**

Plaintiff also alleges that he was denied medical treatment for his alleged back injury. Plaintiff asserts that he verbally asked both Defendant Rice and Defendant Huskins for medical help. Upon returning to Central Prison, Plaintiff submitted a sick call request and was seen by a doctor who could find no objective evidence of a back injury. As such, Plaintiff has failed to establish that he had a serious medical injury. Consequently, he has failed to state a claim of deliberate indifference to a serious medical need.

---

[6] Plaintiff alleges that Defendant Huskins threatened him by stating "Why are you laughing at my sergeant?" and stating that if he had been there more than Plaintiff's back would be hurting. (Pl. Opp. Summ. J., Ex. A).

**THEREFORE, IT IS HEREBY ORDERED that**:

1. Defendants' Motion for Summary Judgment is **GRANTED;** and

2. Plaintiff's Complaint is **DISMISSED**.

Signed: July 18, 2006

Graham C. Mullen
United States District Judge